IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

B. FERNANDEZ & HNOS., INC.,          *
                                     *
      Plaintiff                      *
                                     *
vs.                                  *        CIVIL NO. 05-1030 (JP)
                                     *
KELLOGG USA, INC.,  et al.,          *
                                     *
      Defendants                     *
                                     *

## OPINION AND ORDER

**I.   INTRODUCTION**

The Court has before it Kellogg Caribbean Services Co., Inc.'s ("KCSI") "Kellogg Caribbean Services Co., Inc.'s Urgent Motion for Intervention of Right and to Dismiss for Lack of Indispensable Party" (**docket No. 48**), as well as Plaintiffs' opposition thereto.  KCSI argues that it should be allowed to intervene as of right in this litigation, that it is an indispensable party to this litigation, and that, should it be found that it is an indispensable party, that this lawsuit be dismissed for lack of subject matter jurisdiction due to a lack of complete diversity among the parties.  For the following reasons, the Court **DENIES** KCSI's motion.

**II.  FINDINGS OF FACT**

The Court herein lists some of the facts stipulated by the parties in this case which it finds to be relevant to the issue in question.

    1.   Kellogg USA, Inc. ("KUSA") is a corporation organized under the laws of and doing business in the State of Michigan.

CIVIL NO. 05-1030 (JP)              2

2. KUSA manufactures products for sale in the United States and export to Puerto Rico, Canada, Mexico, and the United Kingdom.

3. KCSI, KUSA, and non-parties Kellogg Caribbean Inc. ("KCI") and KSC ("Kellogg Sales Company") (which merged into KUSA in 2002) are Kellogg-affiliated companies; Kellogg Company is their parent company (all companies collectively referred to as "Kellogg").

4. Kellogg Caribbean Inc. ("KCI") Kellogg Sales Company ("KSC"), KUSA, Kellogg Caribbean Services Co. Inc. ("KCSI") are affiliates of each other; Kellogg Company is their parent company.

5. KSC merged into KUSA in 2002.

6. KCSI is a corporation organized in 1993 and existing under the laws of Puerto Rico.

## III. **CONCLUSIONS OF LAW**

### A. **Intervention of Right**

Kellogg Caribbean Services, Inc. ("KCSI") requests that the Court allow its application for intervention of right in this matter pursuant to Fed. R. Civ. P. 24(a)(2).

Rule 24 (a) provides that

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. Fed. R. Civ. P. 24(a).

Rule 24(a) provides that an applicant seeking intervention as of right must meet four requirements. First, the application must be timely. Second, the applicant must have a direct and substantial

CIVIL NO. 05-1030 (JP)          3

interest in the subject matter of the litigation.  Third, the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest.  Fourth and finally, the applicant's interest must be inadequately represented by existing parties.  See Travelers Indemnity Co. v. Dingwell, 884 F. 2d 629, 637 (1st Cir. 1989); International Paper Co. v. Town of Jay, 887 F. 2d 338, 344 (1st Cir. 1989); Caterino v. Barry, 922 F. 2d 37 (1st Cir. 1990).  The applicant's failure to meet any of the four requirements is sufficient basis for denying the intervention as of right.  Travelers Indemnity, 884 F. 2d at 637.

The Court examines the fourth prong of this test first, as it finds said prong to be dispositive in this matter.  A presumption of adequate representation has been held by federal courts to arise when the would-be intervenor has the same ultimate objective as a party to the lawsuit.  In such cases, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption.  See Edwards v. City of Houston, 78 F.3d 983 (5th Cir. 1996), citing United States v. Franklin Parish Sch. Bd., 47 F.3d 755, 757 (5th Cir. 1995) (citing Kneeland v. NCAA, 806 F.2d 1285 (5th Cir.)); Bush v. Viterna, 740 F.2d 350, 355 (5th Cir. 1984); International Tank Terminals, Ltd. v. M/V Acadia Forest, 579 F.2d 964, 967 (5th Cir. 1978).

KCSI, in arguing that its interests would not be adequately represented by Defendant KUSA, cites to this Court's ruling in E & E Inv., Inc. v. Simmons Co., 169 F.R.D. 467 (D. Puerto Rico 1996) (Pieras, J.), where the Court held that a subsidiary of the parent company named as the defendant in the complaint was a necessary party.  However, that analogy is inapposite, as that was a case where the harm alleged arose solely from a contract entered into by the

CIVIL NO. 05-1030 (JP)          4

subsidiary.  Such a simplistic reading of the facts does not pertain
to this case, where the underlying facts do not all boil down to one
contract or instrument; at issue here is a decades-long relationship
between a distributor, B. Fernández & Hnos. ("BFH"), and several of
the Kellogg entities, which together comprise the large multinational
entity with which it has done business since the 1920's.

    Attempting to paint this controversy as a simple dispute between
merely one of Kellogg's affiliates and BFH is, in the Court's
opinion, an oversimplification of the facts in this matter.  The
Court fails to see how Defendant KUSA would somehow not adequately
represent KCSI's interests in this matter when the two companies
clearly have the same ultimate objective:  to create a profit for the
Kellogg Corporation.  As such, KCSI's alleged interest in this case
is a distinction without a difference.

    Moreover, at the hearing held by this Court over two weeks in
June of 2005, the Court received a wealth of testimony and evidence
from the parties in this matter.  Of particular interest here is the
testimony of Mr. Alan Harris, currently the Chief Marketing and
Customer Officer of the Kellogg Company, and a Kellogg employee in
various capacities for over two decades.  Mr. Harris explained that
the structure of the collection of Kellogg entities, which uses a
"business unit" model, is much like that of a pyramid, with branches
spread out among the world's geographical areas, with these branches
answering to regional entities, which in turn answer to the offices
of the parent corporation headquartered in Battle Creek, Michigan.

    Moreover, Mr. Harris explained that KUSA manufactures Kellogg
cereal products in the U.S., which it then sells Kellogg Caribbean,
Inc., which in turn sells those products to KCSI for sale in Puerto
Rico.  He explained that while KUSA does not directly sell the
products it manufactures in Puerto Rico, it supplies its products to
those entities who do.  Kellogg's business structure is designed to

CIVIL NO. 05-1030 (JP)                    5

better facilitate the production, sale, and distribution of its products, but the seller continues to be the organization presided over by KUSA.  It is clear to the Court that while intermediaries are part of the relationship between BFH and KUSA, those two companies have long had a business relationship, one which continues to this day.

Other particularly noteworthy facts to emerge from the testimony of Mr. Harris was the fact that the individuals who make up KCSI's Board of Directors are based in Kellogg's corporate headquarters in Battle Creek, Michigan.  Furthermore, the Court notes that during discovery in this matter, KUSA's designated 30(b)(6) representative was KCSI's General Manager, Bill Derrenger.

With those facts in mind, the Court **FINDS** that KCSI has failed to satisfactorily establish that there is some adversity of interest, collusion, or nonfeasance on the part of Defendant KUSA which would render KCSI inadequately represented.  Pursuant thereto, the Court hereby **DENIES** KCSI's petition for intervention.

   **B.   Indispensable Party**

KCSI also argues that it is an indispensable party under Fed. R. Civ. P. 19.  This entails a two-prong inquiry.  First, the party must be a necessary party under Rule 19(a), and then it must be found to be an indispensable party under Rule 19(b).  Delgado v. Plaza Las Américas, Inc., 139 F.3d 1, 3 n. 2 (1st Cir. 1998).

Rule 19(a) requires the Court to join a person in a legal proceeding, when feasible,

> (1)  if in the person's absence complete relief cannot be accorded among those already parties, or (2)  if the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (a) as a practical matter impair or impede the person's ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. F.R.C.P. 19(a).

CIVIL NO. 05-1030 (JP)                    6

     As discussed above, the Court fails to see how Defendant KUSA would fail to somehow adequately protect the interests of its subsidiary.  Furthermore, the Court here sees no possibility of KCSI incurring multiple or otherwise inconsistent obligations as a result of their interests being represented by their affiliate company.

     Therefore, the Court **HOLDS** that KCSI is not an indispensable party to this litigation. This being the case, there is no jurisdictional issue to consider, and the Court hereby **DENIES** KCSI's motion to dismiss for lack of jurisdiction due to lack of complete diversity.

**IV.   <u>CONCLUSION</u>**

     For the aforementioned reasons, the Court hereby **DENIES** "Kellogg Caribbean Services Co., Inc.'s Urgent Motion for Intervention of Right and to Dismiss for Lack of Indispensable Party" (**docket No. 48**).

          **IT IS SO ORDERED.**

     In San Juan, Puerto Rico, this 16th day of June, 2005.


                                   S/ Jaime Pieras, Jr.
                                   JAIME PIERAS, JR.
                              U. S. SENIOR DISTRICT JUDGE